UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CORRY RODRIGUEZ AVERETT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 1:17-cv-00316-RDP-JEO |
| ) | |
| **DEWAYNE ESTES, Warden, et al.,** ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

This is an action for a writ of habeas corpus filed by Petitioner Corry Rodriguez Averett, *pro se*, on or about February 23, 2017. (Doc. # 1). Averett challenges his 2013 murder conviction in the Talladega County Circuit Court. (*Id.* at 1-2). On May 25, 2018, the Magistrate Judge to whom the case was referred entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that habeas relief be denied. (Doc. # 19). Averett has filed timely objections to the report and recommendation. (Doc. # 20).

### **I.    Standard of Review**

The court reviews objected-to factual and legal rulings of a Magistrate Judge's report and recommendation *de novo*. *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). The court reviews those portions that are not specifically objected to under the plain error standard. *See* 11th Cir. R. 3-1. (*See also* Doc. # 19 at 25) (warning Petitioner that his failure to object would bar further review, except for plain error).

### **II.   Analysis of Objections**

After careful review, the court concludes that Petitioner's objections all are due to be overruled.

## A. Objections to the Magistrate Judge's Analysis of the Habeas Petition's Timeliness

In his objections to the report and recommendation, Petitioner argues that he received a letter from the Alabama Court of Criminal Appeals confirming his submission of a post-conviction habeas petition to the Talladega Circuit Court in February 2015. (Doc. # 20 at 3, 6). Petitioner also argues that his submission of the post-conviction petition is evidenced by certified mail receipts he obtained for a mailing sent to the Talladega County District Attorney's Office. (*Id.* at 3, 8-9). These objections challenge the Magistrate Judge's finding that the record lacks substantial evidence that a habeas petition was filed by Petitioner in February 2015. (*See* Doc. # 19 at 11). After careful review, the court agrees with the Magistrate Judge that Petitioner's limitations period was not tolled by the February 2015 circuit-court filing referenced in his 28 U.S.C. § 2254 petition. However, more discussion is required on this point.

Petitioner asserts in his pending habeas petition, which was signed under penalty of perjury, that he submitted a habeas petition to the Talladega Circuit Court in February 2015. (Doc. # 1 at 3, 17). He avers that he mailed one copy to the Talladega County Circuit Clerk and informational copies to the Alabama Court of Criminal Appeals and the Talladega County District Attorney's Office. (*Id.* at 14-15). On February 18, 2015, the clerk of the Court of Criminal Appeals sent Petitioner a letter acknowledging its receipt of the habeas petition filed with the Talladega Circuit Court, but returned the informational copy because the Court of Criminal Appeals did not retain informational copies. (Doc. # 20 at 6). When Petitioner failed to receive a response from the Talladega Circuit Court, he filed a habeas petition with the Alabama Court of Criminal Appeals in April 2015, which was dismissed in July 2015 because the Court of Criminal Appeals lacked original jurisdiction over the petition. (*See* Docs. # 8-27 at 2; 8-28; 8-29 at 2). Ultimately, in 2016, Petitioner asked for a status update from the Talladega

Circuit Court, and the court informed Petitioner in a February 2016 order that it could not find any habeas pleadings filed by him. (*See* Doc. # 8-32 at 2).

Petitioner has argued (at least implicitly) that the February 2015 habeas petition he sent to the Talladega Circuit Court justifies tolling of his one-year limitations period. *See* 28 U.S.C. § 2244(d)(2) (discussing statutory tolling for state prisoners who have properly filed an application for state-court post-conviction relief). To address that argument, the court must decide whether the February 2015 petition was "properly filed."[1] As the Supreme Court has stated, "[a]n application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "And an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* (emphasis in original). The Eleventh Circuit discussed *Artuz*'s definition of filing an application in *Sibley v. Culliver*, 377 F.3d 1196, 1201-02 (11th Cir. 2004). In *Sibley*, the Eleventh Circuit determined that the Alabama petitioner failed to file his application with the circuit court because it was sent to the Alabama Supreme Court, not the circuit court. *Id.* at 1201. Here, in contrast, at this stage the court must accept that Petitioner filed the habeas petition in February 2015 because he avers that he sent it to the proper court. (Doc. # 1 at 3, 14-15). This conclusion is supported by Alabama's mailbox rule, which states "that a pro se incarcerated [petitioner] is considered to have 'filed' a Rule 32 petition . . . when [that document is] given to prison officials for mailing." *Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002). In light of Alabama's mailbox rule, the court finds

---

[1] To be clear, the court rejects the Magistrate Judge's finding that "[n]o evidence of a petition filed in any court in February 2015 appears in the record here." (Doc. # 19 at 11). Petitioner's sworn statements that he filed a habeas petition with the Talladega Circuit Court must be considered as evidence of such a filing, especially before an evidentiary hearing is held. Moreover, Petitioner's statements are corroborated by the Alabama Court of Criminal Appeals' February 2015 letter. While the letter offers no evidence that Petitioner mailed the habeas petition to the circuit court or the contents of that habeas petition, it does indicate that Petitioner's current averments are not a recent fabrication. The court further notes that Respondent has presented no evidence to rebut Petitioner's averments, such as prison mailing records.

substantial evidence that Petitioner "filed" a post-conviction habeas petition with the Talladega Circuit Court in February 2015 when he handed it over to prison authorities for mailing.

Nevertheless, the undersigned agrees with the Magistrate Judge that the February 2015 petition did not toll the one-year federal statute of limitations because the evidence before the court does not show that Petitioner *properly* filed a habeas petition with the Talladega Circuit Court. Alabama law requires a prisoner filing a post-conviction motion to include either (1) a filing fee or (2) an "In Forma Pauperis Declaration . . . accompanied by a certificate of the warden or other appropriate officer of the institution in which the petitioner is confined, stating the amount of money or securities on deposit to the petitioner's credit in any account in the institution for the previous twelve (12) months." Ala. R. Crim. P. 32.6(a). In *Sibley*, the Eleventh Circuit held that the petitioner's post-conviction filing was not "properly filed" because the record lacked any evidence that the petitioner had included a filing fee or an *in forma pauperis* petition with the post-conviction filing. 377 F.3d at 1204. Here, as in *Sibley*, Petitioner has offered no evidence that he submitted a filing fee or a complete *in forma pauperis* application alongside his February 2015 circuit court habeas petition. Therefore, the court concludes that Petitioner's February 2015 circuit court habeas petition was not properly filed and did not trigger a statutory tolling period under § 2244(d)(2). *See id. See also Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1270 (11th Cir. 2012) (concluding that an Alabama post-conviction petition was not properly filed because the petitioner did not include a filing fee or an *in forma pauperis* petition), *cert. denied*, 571 U.S. 992 (2013).

Petitioner's objections do not contest the Magistrate Judge's conclusions that an April 2015 petition filed with the Alabama Court of Criminal Appeals was not properly filed and that circuit court petitions filed in July 2016 and December 2016 could not have tolled the

already-expired limitations period.² (*See* Doc. # 19 at 10-14). The court finds no plain error in these rulings and affirms them. Petitioner also raises no specific objection to the Magistrate Judge's conclusion that he is not entitled to equitable tolling. (*See id.* at 14-15). The court finds no plain error in that conclusion and affirms it as well. Finally, Petitioner raises no specific objection to the Magistrate Judge's conclusion that the *Brady* and *Giglio* claims are time-barred under the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(D) because Petitioner has failed to show that he acted diligently to discover the underlying evidence. (*See id.* at 19-20). The court finds no plain error in that conclusion. Accordingly, all of Petitioner's claims in his § 2254 petition are due to be dismissed as untimely.

B. **Objections to the Magistrate Judge's Procedural Default Ruling**

In his objections to the report and recommendation, Petitioner argues that he can show cause for his failure to raise the *Brady* and *Giglio* claims earlier because his counsel attempted to obtain evidence about any agreements reached between two witnesses -- Chantley Williams and Thomas Birt -- and the state government or federal government. (Doc. # 20 at 3). But, Petitioner claims that counsel for the state of Alabama withheld information about plea agreements reached between these witnesses and the federal government. (*Id.*). Petitioner insists that the prosecution's withholding of the evidence prejudiced him by preventing him "from receiving a fair trial." (*Id.*). The Magistrate Judge concluded that the cause and prejudice exception to procedural default did not apply to Petitioner's *Brady* and *Giglio* claims because Petitioner was

---

² The Magistrate Judge's report and recommendation does not specifically address the habeas petition filed by Petitioner in October 2015 with the Alabama Supreme Court. (*See* Doc. # 8-30 at 2). Petitioner has not argued in his objections that the habeas petition he submitted to the Alabama Supreme Court should have tolled the limitations period. In any event, Petitioner's habeas petition to the Alabama Supreme Court was not properly filed because a Rule 32 petition in the court of conviction is the only post-conviction petition allowed under Alabama law. *See* Ala. R. Crim. P. 32.4 ("A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule.").

5

not prejudiced by counsel's failure to obtain the federal-court plea agreements entered into by Williams and Birt. (Doc. # 19 at 18-19). After careful review, the court agrees.

Petitioner has not argued in his objections that he exhausted one full round of available state-court remedies before raising the *Brady* and *Giglio* claims in this court, so the court focuses its analysis on the cause and prejudice exception to the procedural default rule. "Federal review of a procedurally defaulted claim is available if a petitioner can show both cause for the default and actual prejudice resulting from it." *Harris v. Comm'r, Ala. Dep't of Corr.*, 874 F.3d 682, 688 (11th Cir. 2017), *cert. denied*, 2018 WL 1509511 (S. Ct. May 29, 2018). A petitioner can show cause for the procedural default if "some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Id.* (quoting *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999)). A petitioner can show prejudice if "there is at least a reasonable probability that the result of the proceeding would have been different." *Id.* (quoting *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003)).

As an initial matter, the court finds no record evidence to support Petitioner's argument that the prosecution lied about the existence of plea agreements between Williams, Birt, and the federal government. (*See* Doc. # 20 at 3). Petitioner's trial counsel filed a motion to compel the disclosure of any agreements between these witnesses and the state or federal government. (*See* Doc. # 8-2 at 34). Notably, though, the circuit court's order addressing that motion only reflects that "[t]he State advised counsel for the Defendant in open court that it did not have any agreements with witnesses." (*Id.* at 41). It does not reflect any statements by the prosecution about agreements between the federal government and the witnesses. (*See generally id.* at 40-42). The state-court record filed with the court contains no transcript of the August 5, 2013 hearing at which the motion was discussed. As such, the court cannot determine whether the

prosecution said anything about agreements between Williams, Birt, and the federal government during that hearing. Thus, the record before the court fails to substantiate Petitioner's argument that the prosecution lied when responding to his motion for disclosure of agreements.

More importantly, the Magistrate Judge correctly concluded that Petitioner cannot show prejudice from the prosecution's failure to disclose the plea agreements that Williams and Birt entered into with the federal government. At trial, Williams testified that he was incarcerated in federal prison, that he could receive a sentence reduction due to his testimony, and that he hoped to receive such a reduction. (Docs. # 8-14 at 168, 172-73; 8-15 at 2). Williams admitted that the state prosecutors had agreed to contact federal prosecutors, but denied that the state prosecutors had promised any sentence reduction. (Doc. # 8-15 at 21-22). On direct examination, Birt denied receiving any promises for his testimony against Petitioner. (*Id.* at 77). Petitioner's trial counsel asked Birt whether he hoped to receive a sentence reduction, and Birt responded "maybe." (*Id.* at 78). Birt then denied that he cared about receiving a sentence reduction. (*Id.* at 83). In responding to leading questions from Petitioner's attorney, Birt affirmed that he knew about the procedure under Federal Rule of Criminal Procedure 35 for receiving a sentence reduction for substantial assistance. (*See id.* at 81-83). Petitioner's counsel knew that Williams and Birt were federal prisoners and that a procedure existed for them to obtain sentence reductions in light of their testimony against Petitioner. Petitioner's counsel asked Williams and Birt about this potential reason in an attempt to show that their testimony was biased against Petitioner, and the jury had a fair opportunity to consider this potential bias when assessing the credibility of their testimony. Petitioner has not explained what additional evidence of bias exists within the plea agreements themselves. In light of the trial testimony discussed above, which was considered by the jury, the court finds that, even if the federal-court plea agreements

7

were not disclosed, there is no reason to believe that the result of Petitioner's trial would have been different if they had been. Thus, Petitioner cannot meet the cause and prejudice exception to the procedural default rule, and the *Brady* and *Giglio* claims are procedurally barred from this court's review.

Petitioner raises no specific objection to the Magistrate Judge's conclusion that his speedy trial claim is procedurally barred from review. (*See* Doc. # 19 at 24). The court finds no plain error in that conclusion and affirms it. The court observes that the Magistrate Judge's report and recommendation discusses procedural default with respect to certain claims, but does not discuss whether Petitioner's ineffective assistance of counsel and *Massiah* claims are procedurally barred. The court need not address -- and does not address -- this issue, though, because the claims have been untimely filed with this court.

C.  **Objections to the Magistrate Judge's Failure to Address the Merits of Petitioner's Constitutional Claims**

Petitioner objects to the report and recommendation because the Magistrate Judge failed to discuss the merits of certain claims contained in his § 2254 petition. (Doc. # 20 at 4). The court concludes that this objection is meritless because all of Petitioner's claims are time-barred for the reasons discussed above. Additionally, Petitioner's *Brady*, *Giglio*, and speedy trial claims are procedurally barred from review for the reasons discussed above. Because Petitioner's claims are time-barred, the court need not -- and does not -- decide whether he is entitled to habeas relief on the merits.[3] *See Luda v. Sec'y, Fla. Dep't of Corr.*, 469 F. App'x 834, 835 (11th

---

[3] Petitioner objects to the Magistrate Judge's summary of Williams's and Birt's testimony. (Doc. # 20 at 2). The court concludes that the Magistrate Judge's summary is consistent with the trial transcript. Furthermore, any question about the witnesses' credibility was a matter for the trier of fact to determine. Petitioner also objects to the Magistrate Judge's discussion of appellate submissions filed by Petitioner's former counsel. (*Id.* at 2-3). The court concludes that the Magistrate Judge's discussion accurately reflects the procedural history of Petitioner's direct appeal. None of these objections affects the court's ultimate conclusion that Petitioner's habeas claims are time-barred.

Cir. 2012) (declining to address the merits of an issue identified in a certificate of appealability because the habeas petition was time-barred).

IV. **Conclusion**

Having carefully reviewed and considered all the materials in the court file, including the Magistrate Judge's report and recommendation and Petitioner's objections, the court is of the opinion that the Magistrate Judge's findings are due to be and are hereby **ADOPTED**, with the sole exception of his finding that a February 2015 habeas petition to the Talladega Circuit Court was not "filed." The Magistrate Judge's recommendations are **ACCEPTED**. Petitioner's objections (Doc. # 20) are **OVERRULED**. Accordingly, the petition for writ of habeas corpus is due to be denied and dismissed with prejudice. Further, because the petition does not present any constitutional issue that is debatable among jurists of reason, a certificate of appealability is also due to be denied. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings. A separate Final Order will be entered.

**DONE** and **ORDERED** this July 3, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE